IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

**JOEY GODWIN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2016-CR-4572    John D. Wootten, Jr., Judge**

_____

**No. M2017-00267-CCA-R3-HC**
_____

The Petitioner, Joey Godwin, appeals the Trousdale County Circuit Court's denial of his petition for habeas corpus relief from his 2007 convictions for three counts of possession with the intent to sell 0.5 gram or more of cocaine and his effective ten-year sentence. The Petitioner contends that the habeas corpus court erred by summarily denying relief because his concurrent sentences were in direct contravention of Tennessee Code Annotated section 40-20-111(b) (2014). We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Joey Godwin, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and Tom P. Thompson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case involves the Petitioner's criminal conduct in three cases. On November 22, 2003, the Petitioner was arrested in case number 16769 for possession with the intent to sell 0.5 gram or more of cocaine. On December 6, 2003, the Petitioner posted a bond and was released from custody pending the outcome of the case. On January 13, 2004, the Petitioner was arrested in case number 16770 for possession with the intent to sell 0.5 gram or more of cocaine. Case number 16769 was pending at the time of the Petitioner's arrest in case number 16770. On October 5, 2004, the Petitioner posted a bond and was released from custody relative to case number 16770. On May 1, 2005, while the two previous cases were pending, the Petitioner was arrested in case number 7923 for possession with the intent to

sell 0.5 gram or more of cocaine. The judgments reflect that the Petitioner pleaded guilty as charged in each case and received concurrent ten-year sentences pursuant to a plea agreement. The judgments were entered on November 9, 2007.

On February 1, 2011, the Petitioner was arrested in case number 9061 for possession with the intent to sell and to deliver 0.5 gram or more of cocaine. Also on February 1, 2011, the Petitioner was arrested in case number 9088 for possession with the intent to sell and to deliver 0.5 gram or more of cocaine. On August 22, 2012, the Petitioner was found guilty after a trial in case number 9061 for the sale but was acquitted of the delivery charge. The Petitioner was, likewise, convicted in case number 9088 of the sale but acquitted of the delivery charge. After a sentencing hearing, the trial court imposed consecutive thirty-year sentences for each conviction and ordered the effective sixty-year sentence be served consecutively with any other sentence the Petitioner was serving at the time of sentencing. The transcript from the sentencing hearing attached to the habeas corpus petition reflects that the Petitioner was released on parole in case numbers 16769, 16770, and 7923 at the time the offenses were committed in case numbers 9061 and 9088. The Petitioner appealed his convictions and sentences in case numbers 9061 and 9088, and this court denied relief. *See State v. Joey Godwin*, No. W2013-01602-CCA-R3-CD, 2014 WL 895497 (Tenn. Crim. App. Mar. 6, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014). The Petitioner also sought post-conviction relief in the same case numbers. The post-conviction court denied relief, and this court affirmed the post-conviction court's determinations. *See Joey Godwin v. State*, No. W2015-01535-CCA-R3-PC, 2016 WL 7732245 (Tenn. Crim. App. July 13, 2016), *perm. app. denied* (Tenn. Nov. 22, 2016).

On December 1, 2016, the Petitioner filed the instant petition for a writ of habeas corpus. He contended that his convictions and ten-year concurrent sentences imposed in case numbers 16769, 16770, and 7923 were void because the sentences were in direct contravention of Tennessee Code Annotated section 40-20-111(b), which requires consecutive service when a defendant commits a felony while released on bail and the defendant is convicted of both offenses. He argued his concurrent sentences were illegal because he was released on bond in case number 16769 when the offenses were committed in case numbers 16770 and 7923. In the petition, he acknowledged that his motivation for obtaining habeas corpus relief is to have his convictions and sentences vacated in case numbers 16769, 16770, and 7923 because those convictions were used to enhance his sentences in case numbers 9061 and 9088. The Petitioner also conceded that his sentences in case numbers 16769, 16770, and 7923 had expired but stated that he intends to challenge the enhanced sentences in case numbers 9061 and 9088 if this court were to grant habeas corpus relief in case numbers 16769, 16770, and 7923. He requested that his sentences be vacated because they were illegal and that he be permitted to withdraw his guilty pleas.

The habeas corpus court summarily denied relief after reviewing the record. The court found that the Petitioner negotiated an effective ten-year sentence in case numbers

16769, 16770, and 7923 and received the benefit of concurrent sentencing. The court found that Code section 40-20-111(b) required consecutive service when a defendant commits an offense while released on bail. The court found, however, that the judgments were not void and that the trial court had jurisdiction to enter the judgments. The court found that Tennessee Rule of Criminal Procedure 32(c)(2) required consecutive service of the Petitioner's sentences regardless of whether the judgments explicitly specify consecutive service. The court found that Code section 29-21-101(b)(1) of the Habeas Corpus Act prevented habeas corpus relief when a defendant is restrained of his liberty pursuant to pleading guilty with a negotiated agreement relative to sentencing. The court determined that the sentences were merely voidable, not void, and denied relief. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily denying relief. He argues that his sentences in case numbers 16769, 16770, and 7923 are illegal because our statutes and rules of procedure require consecutive service. The State concedes that the ten-year sentences should have been imposed consecutively but that the Petitioner is not entitled to habeas corpus relief because he received concurrent sentences based upon a negotiated plea agreement pursuant to Tennessee Code Annotated section 29-21-101(b) and because the sentences have expired.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner conceded in his habeas corpus petition that his sentences in case numbers 16769, 16770, and 7923 have expired. The judgments reflect that the Petitioner pleaded guilty in these cases in 2007 and received, generally, more than three years of confinement credit. The Petitioner filed the instant habeas corpus petition in January 2016. Therefore, we agree with the Petitioner and the State that the Petitioner's sentences have expired and conclude that his current incarceration is related to his effective sixty-year sentence in case numbers 9061 and 9088.

In *Benson v. State*, 153 S.W.3d 27, 30 (Tenn. 2004), the petitioner sought habeas corpus relief, in relevant part, on the basis that although he received three concurrent sentences for his theft- and drug-related convictions, Tennessee Code Annotated section 40-20-111(b) and Tennessee Criminal Procedure Rule 32 mandated consecutive service because he was released on bond at the time he committed the offenses. Our supreme court noted that a statutory requirement for seeking habeas corpus relief is that a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." *Id*. at 31 (quoting T.C.A. § 29-21-101). The court concluded that because the petitioner was not "currently imprisoned or restrained of liberty by the challenged convictions," the petitioner was not entitled to habeas corpus relief. *Id*. at 32 (citing *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004)); *see Summers*, 212 S.W.3d at 257). The court also determined that even if the challenged convictions with expired sentences had been used to "enhance the sentences he [was] currently serving, . . . this is not an adequate basis for habeas corpus relief to be granted." *Benson*, 153 S.W.3d at 32; *see Hickman*, 153 S.W.3d at 22-24.

Therefore, we conclude that the Petitioner is not entitled to habeas corpus relief. The challenged sentences have expired, and any use of these convictions to enhance sentences for subsequent convictions is not a proper basis for habeas corpus relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE